**Nelson, Robinson & El Ashmawy, PLLC**
11 Park Place, Suite 711
New York, New York 10007
Phone: (718) 207-5787
E-mail: Yae.esq@gmail.com

---

April 30, 2024

**Via ECF**
Hon. Loretta Preska
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, New York 10007

Re: *United States v. Daniel Daniel*, 20 Cr. 101 (LAP)

Dear Judge Preska:

    In advance of the next scheduled appearance in this matter, the Defense respectfully moves to remove electronic monitoring over Mr. Daniel and transfer the pending violation proceedings to the Southern District of Florida ("SDFL"). If the Court is not inclined to remove monitoring, the Defense requests that the level of supervision be stepped down from home detention to a curfew—alleviating the scheduling protocol that currently applies with home detention. The basis for these requests center on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and the impact of an apparent disconnect between the Government and the two U.S. Probation offices that are involved with these proceedings.

    Specifically, Mr. Daniel asserts that the electronic monitoring procedures impede ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. This issue creates a ripple effect, wherein Mr. Daniel is incessantly contacting Defense Counsel and Probation regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ wasting the resources and energy of both Probation and the Defense with the volume of contacts and efforts to address the situation. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

    Finally, there is a $130 per month cost of the bracelet, that is borne by Mr. Daniel's adult daughter—who is a single mother of two-children and the sole financial support of the family. She has been paying this fee monthly since June of 2023 and can no longer

afford it—and is two months behind as of the date of the submission of this letter. If the Court does not remove the electronic monitoring, the Defense respectfully requests that any costs associated with its continuation be waived so that this financial hardship is alleviated.

The Government and Defense have been in discussions regarding a resolution of the matter since it was filed. Despite efforts by the Defense to resolve the matters, based on continuing discussions with Mr. Daniel, a hearing may be necessary on the violation allegations. Thus, a transfer of the proceedings to the Southern District of Florida is being requested by the Defense for reasons detailed below.

## Positions of the Government and Probation on the Motion

The Defense e-mailed the Government and the respective Probation offices on April 23, 2024, to provide notice of the intention to file this motion and ask for the position of the parties on the relief requested. The Defense also advised that the motion would be filed by the end of the week and in the absence of a response from any, or all, of the parties, it would be conveyed that no position was provided.

The Government and U.S. Probation Office for the Southern District of New York have not provided a position as of filing. I received an out of office message for Ms. Greenwood that indicated she was on leave until April 30, 2024, but there was no other named U.S. Attorney to forward the inquiry to.

I was able to speak with Officer Juan Lora from U.S. Probation Office for the Southern District of Florida, who supervises Mr. Daniel with Officer Akeya Abisdid. On April 24, 2024, Officer Lora sent the following e-mail providing his office's position on the motion:

> Hi Counsel,
>
> I just wanted to let you know that USPO Abisdid and I staffed this case. As I noted in our conversation yesterday, we are not prepared to agree to the removal of the location monitoring condition. However, we would agree to have the condition modified from Home Detention to a Curfew (example, 9PM to 6AM) with GPS monitoring. Additionally, we are not opposed to waiving the cost of the location monitoring either.
>
> With regards to the transferring of the case. Currently, it is my understanding the AUSA's office in NY is opposed to it.
>
> Let me know if you have any further questions.
>
> Juan F. Lora
> Senior United States Probation Officer

12900 S.W. 128th Street, Suite 200
Miami, FL 33186-6274
(305) 259-1319 (O)

**Background**



In April 2023, an initial violation petition was filed regarding an alleged incident between Mr. Daniel and his ex-girlfriend. An arraignment hearing was held with Your Honor on June 13, 2023, during which Mr. Daniel, through counsel, disputed the allegations and provided a copy of a certificate of disposition of the state criminal proceedings and pictures of his badly injured face. Def. Ex. B, Cert. of Disposition. Mr. Daniel maintains he was set up by his ex-girlfriend, who lured him to her residence under the pretext of exchanging property and was physically assaulted by an individual lying in wait. After argument, the Court released Mr. Daniel on bond, with conditions. Among other conditions, home detention and electronic monitoring were ordered.

There have been discussions regarding a resolution of the matter since it was filed. During these discussions, the Defense was informed that the Government had been provided pictures of false identification by Mr. Daniel's ex-girlfriend (the same who Mr. Daniel asserts set him up to be attacked) and that she alleged Mr. Daniel had been in possession of them. The Government produced the photographs of these documents, which included bank cards and pieces of identification, and some records associated with bank accounts linked to the bank cards. Mr. Daniel and the Defense raised concerns that these items pre-dated Mr. Daniel's plea and sentencing, that their existence was known and covered by the plea, and that it was unclear how he possessed them or used them since his plea or sentencing to Supervised Release. Probation filed amended VOSR petitions twice—on October 24, 2023, and April 3, 2024—alleging violations based upon the possession of the referenced identifications and bank cards. The arraignment on the most recently filed violation is set for May 6, 2024.

**Removal of Electronic Monitoring**

A recent incident highlights many of the issues in this case. Despite possessing a valid Nevada driver's license, on February 23, 204, Mr. Daniel was arrested after a traffic

stop for allegedly running a stop sign on the way to a medical appointment. The arresting officer asserted to Mr. Daniel that despite his valid Nevada license, after checking his information, his driving privileges were suspended in Florida. ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒ The officer handcuffed him behind his back and placed him in the back of the patrol car, in the heat, for an extended period. Mr. Daniel asked that his handcuffs be loosened and that a window be opened in the car due to the heat—both requests were denied. Ultimately, he passed out and was taken first to jail, then to the hospital for treatment hours later. ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒

▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒

▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒

▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒ We'd also request that the monthly fee be waived by the Court on consent of Probation in the SDFL due to financial hardship.

**Transfer of Proceedings to the Southern District of Florida**

Under 18 U.S.C. § 3583(e)(2), the court may, after considering the applicable factors in 18 U.S.C. § 3553(a), "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision[.]" 18 U.S.C. § 3583(e)(2). Further, under 18 U.S.C. § 3605:

> A court, after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court. A later transfer of jurisdiction may be made in the same manner. A court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter or subchapter B or D of chapter 227.

18 U.S.C. § 3605.

On March 1, 2024, Mr. Daniel's supervising probation officer, Officer Akeya Abisdid, sent counsel the below e-mail:

> Good Morning Attorney Greenwood
>
> Mr. Daniel was arrested last week for Driving without a license. A superseding petition is pending submission but I would like to request jurisdiction be transferred to the Southern District of Florida to handle this matter in the SD/FL. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ He will also be terming supervision on 10/03/2024. Ultimately this is the Courts decision but would you object to the case being transferred at this time? This is only assuming this is possible as I have never requested TOJ pending resolution of a violation Hearing.
>
> ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
>
> Looking forward to hearing from you on this matter. Please do not hesitate to contact me if you have any questions. I have attached all parties involved to keep everyone on the same page.
>
> Have a great day.
>
> Akeya Abisdid
> U. S. Probation Officer
> Office: (305)523-5336
> Cell: (305)546-5173

Fax: (305)523-5459
**Akeya_Abisdid@FLSP.uscourts.gov**

The Defense immediately agreed with the transfer of this matter to the Southern District of Florida for several reasons. To start, as Office Abisdid correctly states, 

Further, if there were to be a hearing on the violation proceedings, the evidence and witnesses—including the supervising Probation Officers—are all in Florida. SDFL knows Daniel and has been boots on the ground with him since October of 2022. They should be allowed to manage their case and make the decisions regarding how to address any alleged violations in a manner consistent with their office protocols and resources.

Officer Lora was very gracious with his time, and we spoke at length regarding the case and his perspectives on how to proceed. He consistently reminded that he would have to consult with his colleague, Officer Abisdid, but that in his experience—as requested by Officer Abisdid in her above e-mail—violations are customarily dealt with in the District they occur. Officer Lora's response regarding transferring the case to Florida is that the "AUSA's office in NY is opposed to it". Considering the host of other considerations outlined above, including what appears to be SDFL's interest and desire to resolve this matter in Florida, the Government's opposition should not be determinative. We respectfully request that a transfer of the proceedings be considered by the Court as the SDNY is no longer the best venue to litigate these matters.

**Motion to Be Relieved Upon Transfer**

Should the Court grant the application to transfer the proceedings to the SDFL, it is respectfully requested that Mr. Bell and I be relieved as counsel of record and that new CJA counsel, or Federal Defenders, be appointed to Mr. Daniel in that District. Counsel requests the Court's endorsement granting this application to be relieved for all purposes pursuant to Local Rule 1.4.

**Conclusion**

It is respectfully submitted that the above requested relief would best serve all parties involved—with an eye toward conserving judicial and governmental resources ▇▇▇ It is further submitted that transferring the proceedings to Florida is consistent with policy, best practice, and would permit the Probation authorities with the most insight to address how to proceed with any alleged violations.

Due to the sensitive nature of this medical information, and the prior sealings, the defense also moves that this letter motion and attached exhibits be sealed from the record and not filed publicly on the docket.

```
```
Finally:

Thank you in advance for your consideration of this application.

                                                Respectfully,

                                                /s/

                                          _____
                                          Yusuf El Ashmawy, Esq.

CC. AUSA Jessica Greenwood, Esq. VIA E-mail  
     Probation Officer Alicia Black, VIA E-Mail  
     Probation Officer Akeya Abisdid, VIA E-mail  
     Probation Officer Juan Lora, Via E-mail